

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**ENTERED**
**01/03/2013**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 10-41265** |
| **MURPHY DISE, SOPREKA DISE** | § | **CHAPTER  7** |
| | § | |
| Debtor(s). | § | **JUDGE ISGUR** |
| | § | |
| | § | |
| **ATTORNEY GENERAL OF TEXAS -** | § | |
| **CHILD SUPPORT DIVISION** | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | **ADVERSARY NO. 12-03271** |
| | § | |
| **MURPHY DISE** | § | |
| | § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

Murphy Dise's debt of $34,405.62[1] owed to the Attorney General of Texas Child Support

Division is excepted from discharge under § 523(a)(5) as a domestic support obligation.

### Background

The parties do not appear to dispute any material fact.

On January 2, 1986, Murphy Dise was ordered to pay $120.00 in child support per month

until the child's eighteenth birthday by the Family District Court, 257th Judicial District, Harris

County Texas.  (ECF No. 1-1 at 1).  Dise failed to meet these obligations.  Dise's child turned

eighteen on January 18, 2003.

On May 6, 2010, the Attorney General of Texas filed a Motion to Confirm Child Support

---

[1] At the September 5 hearing, the parties agreed that the amount owed as of the petition date was $30,597.91.  The statutory interest rate on unpaid child support is six percent simple interest.  TEX. FAM. CODE § 157.265.  The per diem interest is thus $5.03.  December 7, 2010 to January 1, 2013 represents 757 days.  The total amount of interest is therefore $3,807.71, which when added to the principal of $30,597.91 amounts to a total debt of $34,405.62.

Arrears and to Suspend License against Murphy Dise.  A hearing was to be held on December 8, 2010.

On December 7, 2010, Dise filed a voluntary chapter 7 bankruptcy case.  (Case No. 10-41265, ECF No. 1).  Dise listed among his liabilities a debt of $36,823.51 owed to Evelina Dise-Ruth.  Dise did not list the debt as a "domestic support obligation."  Dise received a discharge on March 22, 2011.  (Case No. 10-41265, ECF No. 19).

Although no supporting documentation was filed by either party, the Attorney General alleges (and Dise concurs) that the following events then occurred.  (ECF No. 1 at 2; No. 9 at 3).  On December 8, 2010, Dise failed to appear in state court.  The state court signed a default judgment against Dise on October 6, 2011.  Dise filed a Motion for New Trial on November 2, 2011, which was granted on December 12, 2011.  What later occurred in state court is not disclosed by the parties.

On June 13, 2012, the Office of Attorney General for the State of Texas filed a complaint to have the debt declared excepted from discharge under § 523(a)(5) as a domestic support obligation.  (ECF No. 1).  Dise's answer to the complaint argued the debt was not a domestic support obligation and, therefore, that it was discharged in the bankruptcy case because Ruth-Dise and the Attorney General (both of whom had notice of the bankruptcy) failed to file a proof of claim.

A hearing was held on September 5, 2012.  The Court ruled that the debt was a domestic support obligation.[2]  The Court further ruled that it was not necessary for Dise's ex-wife or the

---

[2] There is no question that the debt constitutes a "domestic support obligation" as defined in the Bankruptcy Code. The debt: (i) is owed to a governmental unit; (ii) is in the nature of support (including assistance provided by a governmental unit) of Dise's child; (iii) was established by a state court divorce decree; and, (iv) has not been assigned to a nongovernmental entity (or has been voluntarily assigned by Dise's former spouse).  11 U.S.C.

Attorney General to file a proof of claim, unless they wished to receive a distribution from the Estate.  The debt is automatically excepted from discharge.  11 U.S.C. § 523(a)(5); *see, e.g.*, *Aguiluz v. Bayhi (In re Bayhi)*, 528 F.3d 393 (5th Cir. 2008) (although no related proof of claim filed, student loan debt was excepted from discharge and could be enforced postdischarge) ("[T]he law acknowledges[] that the discharge did not release Bayhi from her solitary Loan debt to Sallie Mae, as this debt was expressly exempted from discharge by one of the self-executing exceptions of the Bankruptcy Code . . . .").

At the September 5 hearing, an issue was raised as to whether the statute of limitations had run by the time Dise filed bankruptcy.  The Court announced it would allow the parties to brief the issue and then, if Dise were incorrect, a judgment would be issued in the amount of $30,597.91[3] plus interest.

## Analysis

Dise argues that § 157.005 of the Texas Family Code prevents the Attorney General from enforcing this debt.  Texas Family Code § 157.005(b) reads:

> The court retains jurisdiction to confirm the total amount of child support arrearages and render a cumulative money judgment for past-due child support, as provided by Section 157.263, if a motion for enforcement requesting a cumulative money judgment is filed not later than the 10th anniversary after the date: (1) the child becomes an adult; or (2) on which the child support obligation terminates under the child support order or by operation of law.

Tex. Family Code § 157.005(b).  The parties agree that until 1999, the relevant date for § 157.005(b) was the 4th anniversary of the child becoming an adult or the termination of the child support obligation.  The parties dispute which version of § 157.005(b) applies to Dise's

§ 101(14A).  The Bankruptcy Code explicitly provides that the interest accruing on the debt is also excepted from discharge.  11 U.S.C. § 101(14A).

[3] Although Dise scheduled a different amount, the parties agreed that the amount owed as of the date of the petition was $30,597.91.  The final judgment will be issued for this amount plus interest.

case.

It makes very little difference which version applies. Section 157.005(b) is not a statute of limitations.[4] It is a statute that determines how long the court that imposed the child support order has jurisdiction over the obligation (and what it may do to enforce it). *See In re A.D.*, 73 S.W.3d 244, 247-48 (Tex. 2002) ("The former four-year limitation in section 14.43 was on the court's jurisdiction to order withholding of child-support arrearages, *not on the obligation itself*.") (emphasis added).[5] Even if the relevant time period had expired, Dise would still owe the money. The only limitation (imposed by § 157.005(b)) is on the court's jurisdiction.[6]

Although it makes little difference, the fact that it is not a statute of limitations means Dise is not entitled to have the pre-1999 version of § 157.005(b) applied.

Dise argues that applying the lengthier jurisdiction window to him would violate the Texas Constitution's ban on retroactive laws. As § 157.005(b) is not even being applied to this case by this Court, a lengthening of its applicable time limit by the Texas legislature is irrelevant. Even if it were somehow relevant, the revision does not violate the Texas Constitution's ban on

---

[4] The limitations period normally applicable for a suit to recover a debt does not affect the enforcement of child support obligations. "A child support payment not timely made *constitutes a final judgment* for the amount due and owing, including interest as provided in this chapter." TEX. FAM. CODE § 157.261(a) (emphasis added). Texas courts have repeatedly rejected other attempts to avoid the enforceability of child support obligations. *See, e.g.*, *In re D.W.G.*, 2012 Tex. App. LEXIS 7234 (Tex. Ct. App.—San Antonio Aug. 29, 2012) (rejecting child support obligor's argument that the dormancy statute, which would prevent a writ of execution more than ten years after issuance of a judgment, applied to child support obligations). Although it does not appear that Dise has any sort of viable limitations argument, the only argument Dise put forth related to § 157.005, which is not a statute of limitations.

[5] The statute analyzed in *In re A.D.* was styled almost exactly the same as § 157.005(b). 73 S.W.3d at 246 ("By 1990, however, the Legislature had amended the Family Code to provide that a court retains jurisdiction to allow judicial wage-withholding orders 'if the motion for income withholding is filed before the fourth anniversary of the date . . . the child becomes an adult. . . .'").

[6] Lower Texas courts have explicitly held this as to § 157.005(b). *See, e.g.*, *In re S.C.S.*, 48 S.W.3d 831, 834 (Tex. Ct. App.–Houston 2001) ("Section 157.005 and its predecessors, however, have been consistently interpreted by a majority of jurisdictions in this State as defining the contours of the court's *jurisdiction*, not as a time frame within which a party must file a claim or forever lose the right to do so.") (emphasis in original); *In re M.J.Z.*, 874 S.W.2d 724, 726 (Tex. App.-Houston 1994).

4 / 5

retroactive laws.  *See In re A.D.*, 73 S.W.3d at 247 (holding same as to former § 14.43 of the Texas Family Code).  The case of *In re A.D.* also indicates that the law in effect at the time of the filing of the confirmation and enforcement action is applied (that is, the current § 157.005(b), not the version existing when the child support order was entered).  73 S.W.3d at 246.

Dise is not relieved of his obligation to pay the Attorney General of Texas—Child Support Division.  That amount was excepted from discharge under § 523(a)(5) even though no proof of claim was filed.

**Conclusion**

The Court will issue a judgment in accordance with this Memorandum Opinion.

SIGNED **January 3, 2013.**

Marvin Isgur<br>UNITED STATES BANKRUPTCY JUDGE